Per Curiam,
The scaffolding upon which the plaintiff was working was erected by C. G. Dixon & Co., the contractors for the brick-work, and was sufficient for their purposes. The defendant had a contract for the stone-work of the building and obtained the consent of Dixon & Co. to use the scaffolding to set it. It was clearly their business to see that it was strong enough for that purpose, and to strengthen it if it was not. It was alleged, upon the trial, and there was evidence in support of it, that the defendants were notified that the scaffolding was not strong enough for the heavy stone which they designed to place upon it. If, then, the defendants knew, or ought to have known, of the defect in the scaffolding, the plaintiff was entitled to recover for the injuries he sustained by reason of such defect, and the competency of the men employed by them is immaterial.
Nor was the usage of trade referred to in the third assignment of any importance. There can be no such usage as would justify the use of insufficient scaffolding.
Nor was it any concern of the defendants whether the plaintiff obtained a sum of money from the Bricklayers’ Union to pay his doctor’s bills and expenses.
Judgment affirmed.